Alan Van Praag, Esq.
Edward W. Floyd, Esq.
Bonnie R. Kim, Esq.
EATON & VAN WINKLE LLP
3 Park Avenue
New York, New York 10016
212.779.9910
avanpraag@evw.com
efloyd@evw.com
bkim@evw.com

Attorneys for Plaintiff


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BRITISH MARINE PLC,

|  |  |  |
|---|---|---|
|  | Plaintiff, | Case No.: 12-cv-8645 (AJN)(HP) |
|  |  | ECF Case |
| -against- |  |  |

AAVANTI SHIPPING & CHARTERING LTD.,
ANIK INDUSTRIES, LTD. f/k/a MADHYA
PRADESH GLYCHEM INDUSTRIES LTD.,
and RUCHI SOYA INDUSTRIES LTD.

                              Defendants.
------------------------------------------------------------------------x


**PLAINTIFF BRITISH MARINE PLC'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT AAVANTI SHIPPING & CHARTERING LTD.'S
MOTION TO DISMISS THE VERIFIED COMPLAINT IN ADMIRALTY
AND TO VACATE THE ORDER OF ATTACHMENT**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

FACTS .................................................................................................................... 1

ARGUMENT .......................................................................................................... 3

    POINT I .......................................................................................................... 3

        AAVANTI'S MOTION TO VACATE SHOULD BE DENIED BECAUSE
        BRITISH MARINE HAS ESTABLISHED ITS ENTITLEMENT TO THE
        ATTACHMENT ORDER .......................................................................... 3

    POINT II ......................................................................................................... 4

        AAVANTI'S MOTION TO DISMISS AND VACATE SHOULD BE
        DENIED BECAUSE IT IS MOVING UNDER A DIFFERENT ENTIYT
        NAME THAN THE ONE NAMED IN THIS ACTION RENDERING
        THIS MOTION MOOT ............................................................................ 4

    POINT III ....................................................................................................... 5

        PURSUANT TO FEDERAL LAW, BRITISH MARINE HAS 120 DAYS
        TO ESTABLISH JURSIDCTION AND ADDITIONAL RELEVANT
        FACTORS MERIT DENIAL OF THIS MOTION .................................. 5

    POINT IV ....................................................................................................... 7

        AAVANTI ERRONEOUSLY APPLIES *JALDHI* AND ITS PROGENY ............... 7

CONCLUSION ........................................................................................................ 10

## **TABLE OF AUTHORITIES**

### CASES

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*,
  460 F.3d 434 (2d Cir. 2006) ..................................................................................3

*Brave Bulk Transport, Ltd. v. Spot On Shipping, Ltd.*, 07 cv 4546,
  2010 WL 184854 (S.D.N.Y. Jan. 14, 2010) ...........................................................9

*Canadian Grp. Underwriters Ins. Co. v. M/V "Arctic Trader,"* 96 Civ 9242,
  1998 WL 730334 (S.D.N.Y. Oct. 19, 1998) ........................................................8, 9

*Deiulemar Shipping SPA v. Spot On Shopping, Ltd.*, 07 cv 3820,
  2010 WL 184552 (S.D.N.Y. Jan. 14, 2010) ...........................................................8

*Fedcom Europe Ltd. V. Spark Trading DMCC*, No. 08 Civ. 10717,
  2009 WL 4042749 (S.D.N.Y. Nov. 23, 2009) ........................................................8

*Gala Enterprises, Inc. v. Hewlett Packard Co.*, 970 F. Supp. 212 (S.D.N.Y. 1997) ....................7

*Itel Container Int'l Corp. v. Atlanttrafik Express Service, Ltd.*,
  686 F. Supp. 438 (S.D.N.Y. 1988) .........................................................................5

*Licci v. Am. Exp. Bank Ltd.*, 704 F. Supp. 2d 403 (S.D.N.Y. 2010) ..........................................8, 9

*Masonite Corp. v. Hellenic Lines, Ltd.*, 412 F. Supp. 434 (S.D.N.Y. 1976) .................................9

*Melco Maritime, LLC v. Inter Alyans, Ltd.*,
  No. 08 Civ. 8085, 2010 WL 582216 (S.D.N.Y. Feb. 11, 2010) .................................8

*Sinoying Logistics Pte Ltd. V. Yi Da Xin Trading Corp.*,
  619 F.3d 207 (2d Cir. 2010) ..................................................................................8

*STX Pan Ocean (UK) Co. Ltd. v. Classic Maritime Inc.*,
  08 Civ 10212, 2009 WL 1787719 (S.D.N.Y. June 23, 2009) ....................................3

*Swift Splash Ltd. v. The Rice Corp.*,
  10 Civ 6448, 2010 WL 3767131 (S.D.N.Y. 2010) ..................................................3

*The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd.*,
  585 F.3d 58 (2d Cir. 2009) ...........................................................................3, 7, 8

*United Trading Co. S.A. v. M.V. Sakura Reefer*, 95 Civ 2846,
  1996 WL 374154 (S.D.N.Y. July 2, 1996) ..............................................................9

**RULES**

Federal Rules of Civil Procedure Rule 4(m) ....................................................................5

Supplemental Rules for Admiralty or Maritime Claims Rule A(2) .................................5

Supplemental Rules for Admiralty or Maritime Claims Rule B .......................................... passim

## PRELIMINARY STATEMENT

Plaintiff British Marine PLC ("British Marine") submits this Memorandum of Law in Opposition to Defendant Aavanti Shipping & Chartering Ltd.'s ("Aavanti") Motion to Dismiss the Verified Complaint in Admiralty (the "Complaint") and to vacate the Order of Attachment entered on December 7, 2012 (the "Attachment Order").

## FACTS

The relevant facts surrounding the Complaint are fully set forth in the pleadings and papers already filed in this action and, in the interest of brevity, are not repeated herein. Relevant facts arising after filing of the Complaint are described.

In this action, a Process of Maritime Attachment and Garnishment ("PMAG") was issued on December 10, 2012.  Service was effected on all garnishees (with respect to that PMAG) on or about December 11, 2012.  (Declaration of Bonnie R. Kim ["Kim Decl."] ¶ 3.)  Plaintiff is still awaiting a response from garnishee Standard Chartered Bank.  (Kim Decl. ¶ 3.)

Subsequent to the filing of this Rule B action in the Southern District of New York, Plaintiff received information that Defendants have or will shortly have property subject to attachment in the District of New Jersey.  (Kim Decl. ¶ 4.)  As a result, on January 3, 2013, Plaintiff filed a Rule B action in the District of New Jersey.  (Kim Decl. ¶ 4, Ex. 1.)  A PMAG was issued in that district on January 15, 2013.  (Kim Decl. ¶ 4, Ex. 2.)  Service was effected on all garnishees in that district on or about January 22, 2013.  (Kim Decl. ¶ 4.)  Plaintiff is still awaiting a response from two of the garnishees.  (Kim Decl. ¶ 4.)

Plaintiff also received information that Defendants have or will shortly have property subject to attachment in the Eastern District of New York.  (Kim Decl. ¶ 5.)  Accordingly, on February 14, 2013, Plaintiff filed a Rule B action in the Eastern District of New York.  (Kim

1

Decl. ¶ 5, Ex. 3.)  A PMAG was issued in the Eastern District of New York on February 20, 2013.  (Kim Decl. ¶ 5, Ex. 4.)  Initial service was attempted on February 21, 2013.  (Kim Decl. ¶ 5.)  It could be several weeks before the garnishee, WEGO Chemical & Mineral Corp., advises as to the extent to which it holds property or debts belonging to any of the defendants.  (Kim Decl. ¶ 5.)

In this District, on February 15, 2013, Plaintiff British Marine obtained a Supplemental Process of Maritime Attachment and Garnishment to include Wanchoo Law Offices, LLP[1] as a garnishee as Plaintiff has reason to believe that it has tangible or intangible property belonging to Defendant Aavanti and subject to attachment.  (Kim Decl. ¶ 6, Ex. 5.)  The Supplemental PMAG and related papers were served on the Wanchoo Law Offices, as a garnishee, on or about February 15, 2013.  (Kim Decl. ¶ 6.)

Through Aavanti's own moving papers (the Unsworn Declaration of Sunil Khandelwal), Plaintiff learned that Aavanti has changed its name from Aavanti Shipping & Chartering Ltd. (the named party) to Aavanti Chartering Limited.  Thus, Aavanti is moving under a completely different entity name than the one used when it entered into a maritime contract of affreightment in this action.  This name change is significant because garnishees have been searching for property under the former name and would have no reason to necessarily search for property under the current name.

---

[1] It should be noted that Rahul Wanchoo, Esq. of Wanchoo Law Offices, LLP previously represented Plaintiff British Marine as is evidenced by British Marine's corporate registration with the State of New York which listed Rahul Wanchoo and the Law Offices of Rahul Wanchoo as British Marine's registered agent before British Marine withdrew its corporate registration in January 2012.  Mr. Wanchoo also represented British Marine on other matters over a period of years.  This presents a conflict of interest in this case.

## **ARGUMENT**

### **POINT I**

### **AAVANTI'S MOTION TO VACATE SHOULD BE DENIED BECAUSE BRITISH MARINE HAS ESTABLISHED ITS ENTITLEMENT TO THE ATTACHMENT ORDER**

Under Rule B, a plaintiff may seek attachment of a defendant's "tangible or intangible personal property" from a garnishee by showing (a) it has "a valid prima facie admiralty claim against the defendant," (b)"the defendant cannot be found within the district," (c) the "defendant's property may be found within the district," and (d) "there is no statutory or maritime law bar to the attachment." *Swift Splash Ltd. v. The Rice Corp.*, 10 Civ 6448, 2010 WL 3767131 (S.D.N.Y. 2010) (JGK); (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (abrogated on other grounds by *The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009)).  Under this rule "if the plaintiff's filings comply with these conditions, the court must enter an order authorizing the attachment." *Aqua Stoli*, 460 F.3d 438 (quoting the text of Rule B); *see Swift Splash*, 2010 WL 3767131, *3.  These four requirements are also applied on motions to vacate attachment orders. *STX Pan Ocean (UK) Co. Ltd. v. Classic Maritime Inc.*, 08 Civ 10212, 2009 WL 1787719 (S.D.N.Y. June 23, 2009).

Here, British Marine's attachment complies with each of the foregoing requirements. Plaintiff British Marine has submitted a verified complaint (a) based on a claim for breach of a contract of affreightment (a maritime agreement obliging a carrier to lift a quantity of goods on multiple voyages over a given period of time), which sets forth a valid, prima facie admiralty claim, (b) alleging that the defendant cannot be found within the district (as demonstrated by the Declaration of Edward W. Floyd dated November 28, 2012, Docket No. 1, and which is clearly not in dispute) and (c) alleging that the defendant's property may be found within the district.

3

Lastly, the issue of whether a statutory or maritime bar  to the issuance of the attachment order exists is not at issue here.  Therefore, British Marine properly obtained the order of attachment and the Court should deny Aavanti's Motion to Vacate.

**POINT II**

**AAVANTI'S MOTION TO DISMISS AND VACATE SHOULD BE DENIED
BECAUSE IT IS MOVING UNDER A
DIFFERENT ENTITY NAME THAN THE ONE
<u>NAMED IN THIS ACTION RENDERING THIS MOTION MOOT</u>**

Plaintiff British Marine learned through Aavanti's motion papers that Aavanti is operating under a different name from the one it used when it entered into the contract of affreightment at issue in this case—the entity named in this action.  The Declaration of Sunil Khandelwal provides that he is the Director for the "Defendant, Aavanti Chartering Limited". (Declaration of Sunil Khandelwal ¶ 1.)  Aavanti's name change is also reflected in the Notice of Motion dated January 25, 2013 (Docket Entry No. 9.)  Given this entity name change, Plaintiff will need to have supplemental attachment orders and PMAGs issued to reflect this new informationbecause garnishees will have been searching for property associated with the former name rather than the current name and, even if the garnishees were aware of a possible name change, they may well have considered themselves not to have an obligation to search for property associated with an entity not formally named in the PMAG.  Given the change in entity name, this entire motion is moot as the Verified Complaint and all papers related to this Rule B action were brought against Aavanti Shipping & Chartering Ltd. instead of the moving party, "Aavanti Chartering Limited".  Once supplemental attachment orders and PMAGs have been issued, garnishees will need to conduct additional searches for property belonging this time to "Aavanti Chartering Limited", not "Aavanti Shipping & Chartering Ltd."  On this basis alone the motion should be denied.

**POINT III**

**PURSUANT TO FEDERAL LAW, BRITISH MARINE HAS 120 DAYS
TO ESTABLISH JURISDICTION AND ADDITIONAL
RELEVANT FACTORS MERIT DENIAL OF THIS MOTION**

In addition to the foregoing reasons, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff British Marine has 120 days from the filing of the complaint to effect process and establish jurisdiction over the defendants.  Rule A(2) of the Supplemental Rules for Admiralty or Maritime Claims provides that the Federal Rules of Civil Procedure apply except to the extent that they are inconsistent with the Supplemental Rules.  While Rule B is silent on the issue of time to establish jurisdiction, the Federal Rules of Civil Procedure provide a guideline as to the required time to establish jurisdiction.  *Itel Container Int'l Corp. v. Atlanttrafik Express Service, Ltd.*, 686 F. Supp. 438, 444-445 (S.D.N.Y. 1988) (showing that in the in rem context— closely analogous to the quasi in rem context—the Southern District of New York has indicated that while the 120 day time limitation is not expressly applicable, itserves as a guidepost to what is a reasonable time frame for establishing jurisdiction).  Rule 4(m) of the Federal Rules of Civil Procedure provides that Plaintiff has 120 days from the filing of the complaint to perfect jurisdiction.[2]  In an *in personam* proceeding, *service* of process perfects personal jurisdiction over the person served.  Similarly, attachment of property perfects *quasi in rem* jurisdiction where, as here, the party cannot be found within the jurisdiction.

Here, the attachment proceeding has only been in place for 2.5 months—well short of the 120 days provided by the Federal Rules.  Defendant Aavanti's motion should be denied on the grounds that it is premature.

---

[2] Fed. R. Civ. Pro. Rule 4(m) provides, in pertinent part,  that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on  motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

At the very least, the Court should defer deciding this motion until the outcomes of the parallel Rule B proceedings in New Jersey and the Eastern District of New York are determined. British Marine has specific information that, along with several relationships that the defendants have with institutions having offices in New York, Defendant Ruchi Soya Industries Ltd. shipped cargo which was consigned to an entity in the Eastern District of New York.  (Kim Decl. ¶ 4.)  This information was discovered based on a response to the interrogatory in the District of New Jersey.  (Kim Decl. ¶ 4.)  Both New Jersey and the Eastern District of New York (comprised of Long Island, Brooklyn, Queens and Staten Island) are so close in proximity to the Southern District of New York that property could easily pass between the districts.  Given the concurrent proceedings in New Jersey and the Eastern District of New York, the attachment should remain in place in this District until it is certain whether there is further property subject to attachment in New Jersey and the Eastern District of New York.

In addition to the foregoing, Plaintiff has obtained a Supplemental PMAG against garnishee Wanchoo Law Offices, LLP—counsel for Defendant Aavanti.  (Kim Decl. ¶ 6, Ex. 5.) Presumably, based on the usual course of conduct of law firms, a retainer is attached to the Wanchoo Law Offices' work on this lawsuit on behalf of Aavanti and, as intangible property, is subject to attachment.   In response to the PMAG and interrogatory it was served with, the Wanchoo Law Offices stated that it was retained by a Singapore law firm and did not possess property belonging to Aavanti.  (Kim Decl. ¶ 7.)  Funds advanced by the Singapore law firm meant to serve as a retainer for Aavanti's legal counsel in this matter are subject to attachment as property in which Aavanti has an attachable interest.  Plaintiff requested further information from the Wanchoo Law Offices on the extent to which it holds any such funds, whether they be styled as a retainer or otherwise.  (Kim Decl. ¶ 7.)  Under New York law, "[f]unds placed into an

escrow account are ... subject to attachment.  As a general matter, funds kept in an escrow account, such as an Interest on Lawyer Account (an "IOLA" account), are funds of the client held by the attorney in his fiduciary capacity."  *Gala Enterprises, Inc. v. Hewlett Packard Co.*, 970 F. Supp. 212 (S.D.N.Y. 1997).  Accordingly, any decision regarding the attachment proceeding would be premature given that all of the information is not yet available.

**POINT IV**

**AAVANTI ERRONEOUSLY APPLIES *JALDHI* AND ITS PROGENY**

The cases Aavanti cites to support its motion are inapposite and cannot be applied to this case.  Aavanti cites cases for the general proposition that electronic fund transfers ("EFTs") in the possession of an intermediary bank are not property of either the originator or the beneficiary under New York law and cannot be subject to attachment under Rule B.  *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009).  While Aavanti is generally correct in its understanding of the holding in *Jaldhi*, it is mistaken in its application of *Jaldhi* to the case at hand.  Here, Plaintiff is not attempting to attach intermediate wire transfers.  Therefore, Defendant Aavanti's arguments and references to *Jaldhi* are utterly irrelevant here.

Given that *Jaldhi* is not applicable to the case at hand, it is not surprising that its progeny—ten of which are cited by Aavanti—are equally inapplicable.  To be clear, none of the cases cited by Aavanti provide anything other than the point that property in the hands of an intermediary bank is not subject to attachment.  Aavanti's attempt to inundate the Court with these other holdings that state the same general proposition as *Jaldhi* is nothing but a smokescreen in a feeble attempt to obscure the key distinction between this case and *Jaldhi*.

Aavanti creates a laundry list of cases holding that the plaintiffs in those cases had not demonstrated any other basis for establishing personal jurisdiction over the defendant(s),

7

presumably in an attempt to show that no attachment proceedings survive in the post-*Jaldhi* era.

Aavanti cites *Melco Maritime, LLC v. Inter Alyans, Ltd.*, No. 08 Civ. 8085, 2010 WL 582216

(S.D.N.Y. Feb. 11, 2010) (holding that "personal jurisdiction cannot be based solely on the

attachment of EFTs."); *Deiulemar Shipping SPA v. Spot On Shopping, Ltd.*, 07 cv 3820, 2010

WL 184552 (S.D.N.Y. Jan. 14, 2010) (finding that the plaintiff had "not demonstrated any basis

for asserting in personam jurisdiction over the defendant…[a]s the now-vacated EFT attachment

is the only asserted basis of jurisdiction…"  *Deiulemar Shipping*, 2010 WL 184552 at *1.);

*Sinoying Logistics Pte Ltd. V. Yi Da Xin Trading Corp.*, 619 F.3d 207 (2d Cir. 2010) (finding

that the plaintiff could not 'identify any property of [the defendant] that was likely to pass

through the district and therefore provide the basis for quasi in rem jurisdiction" other than the

EFTs.);  *Fedcom Europe Ltd. V. Spark Trading DMCC*, No. 08 Civ. 10717, 2009 WL 4042749

(S.D.N.Y. Nov. 23, 2009) (where "the plaintiff ha[d] not alleged any specific property interest of

the defendant in the U.S."  *Fedcom*, 2009 WL 4042749 at *1.)

    None of the foregoing cases are applicable here because the funds sought to be attached

here are not intermediate wire transfers, rather Plaintiff seeks to attach tangible or intangible

property it believes based on specific, credible information Defendants possess in the Southern

District of New York, Eastern District of New York and the District of New Jersey.  (Kim Decl.

¶¶ 4, 5.)

    To bolster its motion—because the *Jaldhi* line of cases it relies upon are inapplicable—

Aavanti cites to various cases for the proposition that the "'mere maintenance' of a

correspondent or intermediary bank account" is insufficient for personal jurisdiction.  (Aavanti

Mov. Memo. at 7.) (citing *Licci v. Am. Exp. Bank Ltd.*, 704 F. Supp. 2d 403, 407 (S.D.N.Y.

2010)); *Canadian Grp. Underwriters Ins. Co. v. M/V "Arctic Trader,"* 96 Civ 9242, 1998 WL

730334 (S.D.N.Y. Oct. 19, 1998); *United Trading Co. S.A. v. M.V. Sakura Reefer*, 95 Civ 2846, 1996 WL 374154 (S.D.N.Y. July 2, 1996); *Masonite Corp. v. Hellenic Lines, Ltd.*, 412 F. Supp. 434 (S.D.N.Y. 1976); *Brave Bulk Transport, Ltd. v. Spot On Shipping, Ltd.*, 07 cv 4546, 2010 WL 184854 (S.D.N.Y. Jan. 14, 2010).  These cases are also not applicable to the case at hand. First, the *Licci* case does not concern Rule B and instead addresses general standards for in personam jurisdiction which is not relevant here.  The remaining cases Aavanti cites are not applicable here because British Marine does not seek to attach intermediate wire transfers.

Plaintiff's PMAG issued by this Court seeks to attach tangible property subject to a Rule B attachment—not electronic fund transfers within an intermediary bank account.  Plaintiff has information indicating that property that may be subject to attachment includes, among other things, cargoes of products belonging to the defendants.  (Kim Decl. ¶¶ 4, 5.)  Aavanti's cases are misapplied here and only underscore the point that its motion is premature and should be dismissed at this time.

In addition, is it unclear from its moving papers whether Aavanti is suggesting that it does, in fact, have some account(s) in New York but that the nature of the account(s) is insufficient for quasi in rem purposes.  Therefore, British Marine proposes that limited discovery be had so that it can assess the full extent to which Defendant Aavanti has any contractual dealings with entities that are subject to jurisdiction in New York, including vessel owners, freight forwarders, shippers, purchasers, traders, and/or counterparties to financial contracts).

## CONCLUSION

For the foregoing reasons, British Marine respectfully requests that the Court deny Aavanti's motion to dismiss and to vacate the Order of Attachment and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
        February 22, 2013

EATON & VAN WINKLE LLP

By: ____s/ Bonnie R. Kim_____
        Alan Van Praag
        Edward W. Floyd
        Bonnie R. Kim

3 Park Avenue
New York, New York 10016
212.779.9910

*Attorneys for Plaintiff*
*British Marine PLC*

10